UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHSMART BENEFIT SOLUTIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>INTERWEST INSURANCE SERVICES, INC. and DOES 1 through 10, <br><br>Defendants. | No.  2:16-cv-00144-MCE-AC <br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff HealthSmart Benefit Solutions, Inc., ("Plaintiff") alleges that its insurance broker, Defendant InterWest Insurance Services, Inc. ("Defendant"), created a coverage gap when it purchased replacement liability insurance for Plaintiff.  After Plaintiff's policy claims were denied by both of its insurance providers based on the existence of that coverage gap, Plaintiff filed suit against them.  By way of this action, Plaintiff seeks recovery from Defendant for the litigation costs of that dispute and accordingly brings claims for negligence, breach of contract and declaratory relief.  Jurisdiction is premised on diversity of citizenship.[1]  Currently pending is Defendant's Motion to Dismiss pursuant

---

[1] Plaintiff is an Illinois corporation with its principal place of business in Texas.  Defendant is a Florida corporation with its principal place of business in California.  Defendant's corporate office is located

1

to Federal Rule of Civil Procedure 12(b)(6).[2]  ECF No. 6.  For the following reasons, the Motion is DENIED in its entirety.

## BACKGROUND[3]

Between December 31, 2012, and  December 31, 2013, Lloyd's, London ("Lloyd's") provided Plaintiff with professional liability insurance coverage.  In or around December 2013, Plaintiff retained Defendant as its insurance broker.  Plaintiff specifically wanted Defendant to procure insurance coverage that would allow Plaintiff to seamlessly maintain its professional liability coverage once its policy with Lloyd's expired.

Defendant procured a policy for Plaintiff through Hudson Specialty Insurance Company ("Hudson").  Hudson's policy was in effect from December 31, 2013, to December 31, 2014.  On December 18, 2013, while Lloyd's' policy was still in effect, Plaintiff was added as a defendant in a Louisiana lawsuit (hereafter "Opelousas").  Plaintiff was not served with the Opelousas "Amended Petition" until January 15, 2014, after Lloyd's' policy ended.  Opelousas was a putative class action lawsuit alleging violations of Louisiana's Preferred Provider Organization Act.

Plaintiff believed that its insurance policies covered any exposure it had to the Opelousas lawsuit.  Accordingly, it contacted both Lloyd's and Hudson immediately upon service of the "Amended Petition."  Both insurance providers denied coverage on the Opelousas claim based on the purported coverage gap at the heart of this lawsuit.

Specifically, Lloyd's policy requires written notice of any claims "as soon as practicable but in any event the earlier of 30 days after [Plaintiff] first receive[s] notice of any Claim made against [Plaintiff] or [Plaintiff] first become[s] aware of any specific act,

---

in Sacramento County.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

[3] The following facts are taken from Plaintiff's Complaint (ECF No. 1) or are undisputed.

error or omission which is reasonably expected to give rise to a claim, or the end of the Policy Period." ECF No. 1 at ¶ 15. Because Plaintiff did not submit written notice by "the end of the Policy Period," Lloyd's denied coverage for the Opelousas claim.

Hudson's policy contains an exclusion for claims "based upon … any prior and/or pending civil … proceeding" that arose before December 31, 2013. Id. at ¶ 19. Hudson denied Plaintiff's "prior and/or pending civil proceeding" claim because Opelousas initially arose before Hudson's policy went into effect.

Plaintiff sued Lloyd's and Hudson for denying its claims under the policies, incurring $900,000 in attorney's fees and costs. Plaintiff alleges these litigation costs were directly and proximately caused by Defendant's creation of a gap in insurance coverage. For its part, Defendant maintains that it had no duty to obtain Plaintiff's policy without a coverage gap and that essential elements of an oral contract have not been alleged by Plaintiff.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion

couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## ANALYSIS

Defendant's Motion makes three arguments to support its contention that the Court must dismiss the Complaint. First, Defendant contends that Plaintiff's negligence claim must be dismissed because insurance brokers owe no general duty of care to their clients to procure replacement insurance without a coverage gap. Second, Defendant argues that Plaintiff's breach of contract claim must be dismissed because it fails to allege facts sufficient to establish the formation of an oral contract. Specifically, Plaintiff does not identify Defendant's employees who entered into a contract with Plaintiff, or the methods of communication used for the agreement.

In addition to its substantive claims for negligence and breach of contract, Plaintiff requests a judicial declaration as to the duties of fictitious defendants on a belief that discovery will uncover their identities.  Defendant moves to dismiss the claim for declaratory relief on the assumption that the Court will dismiss Plaintiff's negligence and breach of contract claims.  For the following reasons, Defendant's Motion is DENIED in its entirety.

### A. Defendant owed Plaintiff a Duty to Procure Insurance without a Coverage Gap.

Defendant incorrectly argues that the existence of a "special duty" is required for Plaintiff's professional negligence claim.  Although certain factual circumstances can form the basis for additional legal obligations, all insurance brokers have a duty to "use reasonable care, diligence, and judgment in procuring the insurance requested."  Pacific Rim Mechanical Contractors, Inc. v. Aon Risk Ins. Services West, Inc., 138 Cal. Rptr. 3d 294, 297 (Cal. Ct. App. 2012).  This general duty can be breached by the creation of even a potential gap in coverage when obtaining replacement insurance.  Reserve Insurance Co. v. Pisciotta, 640 P.2d 764, 816-17 (Cal. 1982) (stating that a failure to advise the insured of the gap also constitutes negligence).  Here, Defendant had a duty not to create potential coverage gaps for Plaintiff once Lloyd's' policy ended, irrespective of any "special duty" that may have been formed.  See id. at 816-17.

Without avail, Defendant claims that Reserve's holding is limited only to coverage gaps where the payout of a replacement policy is less than the payout of an original policy.  Id. at 806-07 (discussing a "gap in coverage between $100,000 and $300,000").  Contrary to Defendant's claim, a coverage gap is simply "the exposure of [the insured] to [] liability without insurance[.]"  Troost v. Estate of DeBoer, 202 Cal. Rptr. 47, 51-52 (Cal. Ct. App. 1984).  This can even result from insurance policies with "claims made and reported" clauses, such as Lloyd's' and Hudson's policies.  See Root v. American Equity Specialty Ins. Co., 30 Cal. Rptr. 3d 631, 637 n.4 (Cal. Ct. App. 2005) ("'A coverage gap may occur where the insured obtains successive 'claims made and reported' policies.  If

a claim is made against the insured during policy year one but not reported to the insurer until policy year two, there may be no coverage under either policy, even if issued by the same insurer!'") (citing Corskey, Heesman and Johnson, Cal. Practice Guide: Insurance Litigation, p. 7K-4 (The Rutter Group 2004)).  For these reasons, Defendant's Motion as to the "First Cause of Action" is DENIED.

### B. Plaintiff Sufficiently Alleges the Existence of an Oral Contract.

To state a claim for a breach of contract, Plaintiff must sufficiently allege: (1) that a contract existed; (2) Plaintiff's performance or an excuse for nonperformance; (3) Defendant's breach; (4) and the damages that occurred to Plaintiff.  Oasis West Realty, LLC v. Goldman, 124 Cal. Rptr. 3d 1115, 1121 (Cal. 2011).

Here, Defendant argues that Plaintiff fails to sufficiently allege the existence of an oral contract.  Specifically, Defendant claims that Plaintiff does not include the identities of Defendant's employees who entered into the contract with Plaintiff.  Defendant also argues that Plaintiff fails to state "how the terms were communicated" to form the oral contract.  However, this Court is unaware of any law that requires the specificity that Defendant argues for with respect to a breach of contract claim, and Defendant provides no support for its position.  See ECF Nos. 6 and 9 (emphasis added).  While Federal Rule of Civil Procedure 9(b) requires such heightened pleading when a plaintiff pursues claims of fraud or mistake, no such claims are set forth here.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Moreover, Defendant's reliance on Bissessur v. Indiana University Bd. of Trustees, 581 F.3d 599 (7th Cir. 2009) is unpersuasive.  In Bissessur, a student filed suit against his university for breach of an implied contract.  Id. at 600-01.  The student's complaint stated only that: "An implied contract existed between Bissessur and IU"; "IU breached the implied contract that existed between Bissessur and IU"; and that "IU's actions were arbitrary, capricious, and undertaken in bad faith."  Id. at 602.  The

Bissessur court affirmed the district court's decision to dismiss the claim because, among other things, there was no mention of the promises made to either party. Id. at 603-04.

To the contrary here, Plaintiff alleges that "around December 2013," it entered into an oral contract with Defendant "for a fee," in exchange for which Defendant agreed to "[p]rocure professional liability coverage" as requested and "[p]roperly advise Plaintiff of any gaps or ambiguities in coverage." ECF No. 1 at ¶ 35. Unlike the plaintiff in Bissessur, Plaintiff's Complaint here includes the "entitlements" of each party in the contract and it does not fall "drastically short" of the pleading standard. See 581 F.3d at 603. In short, Plaintiff plausibly alleges the existence of an oral contract between itself and Defendant. See Twombly, 550 U.S. at 570. Defendant's Motion as to the "Second Cause of Action" is therefore DENIED.

### C. Defendant Lacks Standing to Dismiss a Request for a Declaratory Judgment Regarding Fictitious Defendants.

Finally, Plaintiff seeks declaratory relief against unknown defendants that it believes will be identified through discovery. A defendant has no standing to seek dismissal on the behalf of nonmoving defendants. Mantin v. Broadcast Music, Inc., 248 F.2d 530, 531 (9th Cir. 1957). Accordingly, because this claim is alleged against defendants whose identities are as yet unknown, Defendant lacks standing to dismiss Plaintiff's request for declaratory relief. See id.

Even if standing were demonstrated, however, dismissal is proper only if "it is clear that discovery would not uncover the identities" of the fictitious defendants. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 643 (9th Cir. 1980)). Here, there is no "clear" reason why Plaintiff will not uncover the identities of unknown defendants. See id. Accordingly, Defendant's Motion as to the "Third Cause of Action" is DENIED.

///

///

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 6) is DENIED in its entirety.

IT IS SO ORDERED.

Dated: July 29, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE