1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   HEALTHSMART BENEFIT                     No.  2:16-cv-00144 MCE AC
     SOLUTIONS, INC.,
11
                    Plaintiff,
12                                           PROTECTIVE ORDER

          v.
13
     INTERWEST INSURANCE SERVICES,
14   et al.,

15                  Defendants.

16

17        IT IS HEREBY ORDERED that the parties' Stipulated Protective Order No. 1 (ECF

18   No. 36), is APPROVED and INCORPORATED herein.

19        IT IS FURTHER ORDERED THAT:

20        1. Requests to seal documents shall be made by motion before the same judge who will

21   decide the matter related to that request to seal.

22        2. The designation of documents (including transcripts of testimony) as confidential

23   pursuant to this order does not automatically entitle the parties to file such a document with the

24   court under seal.  Parties are advised that any request to seal documents in this district is governed

25   by E.D. Cal. R. ("Local Rule") 141.  In brief, Local Rule 141 provides that documents may only

26   be sealed by a written order of the court after a specific request to seal has been made.  Local

27   Rule 141(a).  However, a mere request to seal is not enough under the local rules.  In particular,

28   Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or*

                                              1

*other authority for sealing*, the requested duration, the identity, by name or category, of persons

to be permitted access to the document, and all relevant information." Local Rule 141(b)

(emphasis added).

3. A request to seal material must normally meet the high threshold of showing that

"compelling reasons" support secrecy; however, where the material is, at most, "tangentially

related" to the merits of a case, the request to seal may be granted on a showing of "good cause."

Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir.), cert. denied,

137 S. Ct. 38 (2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th

Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of

certain documents, at any court hearing or trial – such determinations will only be made by the

court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which

the parties cannot informally resolve, including any disputes regarding inadvertently produced

materials under Fed. R. Evid. 502, the parties shall follow the procedures outlined in Local

Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex*

*parte* basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's

approval. If the parties agree to a potential modification, they shall submit a stipulation

and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement

of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation (ECF No. 36) that is in conflict with anything

in this order is hereby DISAPPROVED.

IT IS SO ORDERED.

DATED: August 7, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE